IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farwest Pump Company, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Secura Insurance,<br><br>    Defendant. | No. CV-20-00464-TUC-JGZ<br><br>**ORDER** |
| Farwest Pump Company, et. al.<br><br>    Plaintiffs,<br><br>v.<br><br>Secura Insurance,<br><br>    Defendant. | No. CV-20-00465-TUC-JGZ<br><br>**ORDER** |

    Plaintiffs filed two-related lawsuits against Defendant Secura Insurance concerning various insurance claims Plaintiffs submitted under a policy issued by Defendant: *Farwest I*, CV-20-00464, alleging bad faith, and *Farwest II*, CV 20-00465, seeking declaratory judgment concerning various policy and declaration provisions, and alleging breach of contract. The parties agree that *Farwest I* should be stayed pending resolution of *Farwest II*. At issue is whether *Farwest II* should be litigated in phases. For the following reasons, the Court will stay *Farwest I* pending resolution of *Farwest II*, and deny the request to bifurcate discovery in *Farwest II*.

//

**Background**

In their Joint Report, the parties proposed litigating the cases in three phases with the first phase addressing "the declaratory lawsuit," the second phase determining damages for alleged breach of contract, and the third phase resolving Plaintiffs' bad faith action. (Doc. 27, p. 7.[1]) At the April 8, 2021 scheduling conference, it became clear that the parties had different ideas about what discovery would occur in the first two phases and the issues those phase would encompass.[2] To avoid disputes as to these issues during discovery, the Court directed the parties to confer and to submit an agreed-upon statement specifying the issues phase 1 would encompass. The parties met, but were unable to agree, and requested that the Court make that determination. (Doc. 32.) The primary source of disagreement concerned whether phase 1 would determine only coverage, or would include issues pertaining to coverage and the value of damages. (*Id.*)

On April 26, 2021, the Court referred the matter to Magistrate Judge Bruce G. Macdonald to meet with the parties and recommend whether the cases should proceed in phases or if the cases should proceed with discovery in the usual manner. (Doc. 33.) According to the docket, Magistrate Judge Macdonald conferred with the parties on two occasions. Unable to reach consensus, Magistrate Judge Macdonald issued a Report on June 10, 2021, recommending that the Court stay *Farwest I* pending resolution of *Farwest II,* and recommending that *Farwest II* proceed with discovery in the usual manner, without a phased approach.[3] (Doc. 39.) Plaintiffs filed an Objection to the

---

[1] The parties filed the documents cited in this Order in both *Farwest* cases. To dispense with double citation to identical documents, the Court refers only to the filings in *Farwest I*.

[2] At the scheduling conference, defense counsel described phase 1 as encompassing coverage and condition precedent. Counsel also pointed out that although the parties contemplated that the value of damages would be addressed in phase 2, value may also be touched upon in phase 1. Plaintiffs' counsel stated that Defendant had identified an issue that Plaintiffs were not aware of as to whether phase 1 would encompass "each and every item that was lost." Plaintiffs did not "see it that way."

[3] The Magistrate Judge also recommended deadlines. (Doc. 39, pp. 4-6.)

Report and Recommendation.  (Doc. 40.)  Defendant filed a Response to the Objection.  (Doc. 42.)  Upon consideration of the Report and Recommendation, the parties' filings, and the record, the Court will adopt the Magistrate Judge's recommendation.

## Discussion

Rule 26 requires the parties to state in their discovery plan "whether discovery should be conducted in phases or be limited to or focused on particular issues." Fed. R. Civ. P. 26(f)(3)(B). "Parties requesting bifurcation of discovery have the burden of proving the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *City of Sacramento v. Wells Fargo & Co*., 2020 WL 6787134, at *2 (E.D. Cal. Oct. 9, 2020) (citations omitted).  While district courts have wide latitude in controlling discovery, *State of Cal., on Behalf of Cal. Dep't of Toxic Substances v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998), the court's application of the rules in the administration of discovery matters is guided by Rule 1's mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Bifurcation of discovery in *Farwest II* will not promote judicial economy.  Some, or all, of the disputed issues in Plaintiffs' proposed phases are intertwined and the parties cannot agree what discovery would be produced in each phase. Defendant asserts it cannot determine which policies and/or policy provisions may be relevant without a complete picture of the claims and without a complete set of documents.  Plaintiffs acknowledge that a phased approach may not fully dispense with the issue of coverage, but suggest that, at that point, the dates for discovery and dispositive motions could be extended. (Doc. 40, p. 7.)  Because coverage and damage issues are overlapping to some extent, a phased approach would likely result in piecemeal and duplicative practice, and it would delay resolution of the case as a whole.  Moreover, it is likely that disputes will arise over the scope of phase-1 discovery as evidenced by the parties inability to agree what discovery would be included in each phase. Finally, the potential burden to Plaintiffs in denying their request for bifurcation is not outweighed by the potential for

1 | delay and possible prejudice to Defendant if the request for bifurcation is granted.

2 | Accordingly, IT IS ORDERED:

3 | 1. The Report and Recommendation (Doc. 39 in CV 20-464-TUC-JGZ; Doc. 34 in CV 20-465-TUC-JGZ) to stay *Farwest I* and to proceed with *Farwest II* in the usual manner is ADOPTED. The Court will enter a separate scheduling order in *Farwest II*.

2. Plaintiffs' Objection (Doc. 40 in CV 20-464-TUC-JGZ; Doc. 35 in CV 20-465-TUC-JGZ) to the Report and Recommendation is OVERRULED.

3. *Farwest Pump Co., et. al. v. Secura Insurance*, CV 20-00464-TUC-JGZ, is STAYED until further notice.

Dated this 22nd day of July, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge