WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farwest Pump Company, et al., | No. CV-20-00465-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Secura Insurance, | |
| Defendant. | |

Pending before the Court is Secura Insurance's Motion for Attorneys' Fees and Non-Taxable Expenses. (Doc. 93.) Secura requests the Court award it attorneys' fees in the amount of $93,373.50 and non-taxable expenses in the amount of $1,070.38 as the prevailing party under A.R.S. § 12-341-01(A). (*Id.* at 1.) Plaintiffs Farwest Pump Company and David J Leonard PLC (collectively Farwest) filed a Response, (Doc. 98), and Secura filed a Reply, (Doc. 101). For the reasons that follow, the Court will grant in part and deny in part Secura's Motion.

**I.    Background**

Farwest filed this declaratory-judgment and breach-of-contract action, seeking additional coverage under a commercial insurance policy it purchased from Secura. (*See* Doc. 1-3.) In so doing, Farwest requested the Court interpret the policy at issue. (*Id.* at 17–20.) The parties, however, could not agree on a case management plan. (*See* Doc. 27.) In April 2021, the Court referred this dispute to Magistrate Judge Bruce G. Macdonald. (Doc. 28.) Farwest proposed the parties limit phase one of discovery to contract interpretation and first resolve whether the policy provided Farwest additional coverage. (*See* Docs. 30,

32.) Secura opposed this plan and asserted "this case should be litigated and proceed as a standard breach of contract claim." (Doc. 31 at 2.) Magistrate Judge Macdonald recommended the Court adopt Secura's position. (Doc. 34.) Farwest filed an Objection, (Doc. 35), and Secura filed a Response, arguing "the coverage and contract issues simply cannot be . . . fully and fairly decided by this Court with less than a full set of facts," (Doc. 37 at 3). The Court adopted Secura's case management proposal. (Doc. 39.) Seven months later, the parties agreed to stay discovery and file cross-motions for summary judgment on two contract-interpretation issues initially presented by Farwest in its case-management proposal. (*See* Docs. 30 at 4; 54 at 1.) The Court resolved the parties' cross-motions, in Secura's favor, almost entirely on the language of the policy.[1] As the prevailing party, Secura requests the Court award it attorneys' fees and non-taxable expenses. (Doc. 93.)[2]

## II.   Legal Standard

Under Arizona law, courts may award reasonable attorney fees to the prevailing party in any contested action arising out of a contract. A.R.S. § 12-341.01. Trial courts have broad discretion to award attorneys' fees. *Potter v. U.S. Specialty Ins. Co.*, 98 P.3d 557, 560 (Ariz. Ct. App. 2004). A number of factors are useful to assist the court in determining whether to award attorneys' fees: (1) the merits of the unsuccessful party's claim; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) the extent to which the successful party prevailed; (5) the novelty of the legal issues presented; and (6) whether the award would discourage other parties from litigating tenable claims. *Associated Indem.*

---

[1] At summary judgment, Farwest raised a claim under the doctrine of reasonable expectations. (*See* Doc. 58 at 13.) Farwest included for support the declaration of Channa Crews-Vaught. (Doc. 60 ¶ 22.) This declaration, provided to Secura for the first time at summary judgment, raised factual questions that required the parties to stay briefing and conduct additional fact discovery under Rule 56(d) of the Federal Rules of Civil Procedure. (*See* Doc. 61.) All remaining issues at summary judgment were resolved based on the language of the insurance policy. (*See* Doc. 90 at 6–12.)

[2] This action has been administratively closed, (Doc. 91), and Plaintiffs have appealed, (Doc. 108). The Court, however, retains jurisdiction to award attorneys' fees. *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

*Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

**III.     Analysis**

The Court considers the *Warner* factors in determining whether to award Secura attorneys' fees as the prevailing party in this contract action.

    **A.     Merits of the Claims**

In denying Farwest's partial summary judgment motion, the Court found Farwest had no additional coverage under the insurance policy it purchased from Secura: the property policy unambiguously excluded coverage for employee theft and the policy's crime coverage prohibited insureds from aggregating policy limits for claims that occurred during multiple policy periods. (Doc. 90 at 8, 10.) Further, Farwest did not have a reasonable expectation of coverage under the property policy or crime coverage. (*Id.* at 12.) This factor weighs in favor of granting attorneys' fees to Secura.

    **B.     Whether Litigation Could Have Been Avoided**

Farwest argues it attempted to streamline litigation from the start of this case by proposing the parties delay discovery and first resolve their dispute over whether the policy provided Farwest additional coverage. (Doc. 98 at 3.) Yet, according to Farwest, Secura opposed this proposal and insisted on completing extensive discovery and investigating damages and bad-faith issues. (*Id.*) Secura contends discovery "was necessary in order to flesh out the claims and posture this case for summary judgment." (Doc. 101 at 2.)

This case was resolved at summary judgment on the issues of contract interpretation and reasonable expectations. (*See* Doc. 90.) How to interpret the insurance policy was a legal question that turned on policy language rather than any facts uncovered during discovery. Further, the discovery completed on the issue of reasonable expectations, which did present factual questions, occurred after Farwest filed its Cross-Motion for Partial Summary Judgment—not during the six months of discovery Secura insisted was necessary. In addition, it is not clear that Secura's litigation of the case management plan and initial fact discovery were necessary. Indeed, other than the conclusory assertion that it needed to "flesh out the claims and posture this case," (*see* Doc. 101 at 2), Secura offers

no reason why the parties could not have adopted Farwest's case management proposal and immediately addressed the legal contract-interpretation questions that were at the heart of this case, (*see* Doc. 101).

Farwest also argues that Secura refused to respond, prelitigation, to its request for clarification on the timeliness of its claims and its arguments relating to coverage. (Doc. 98 at 8.) A response from Secura, Farwest argues, may have simplified or prevented litigation. (*Id.*) Secura presents no response to this argument in its Reply. (*See* Doc. 101.) The parties do agree that, once Farwest filed this action, litigation could not have been avoided and settlement would not have been an option until the coverage issues were resolved at summary judgment. (Docs. 93 at 5; 98 at 8.) This factor slightly disfavors an award of attorneys' fees.

### C.   Extreme Hardship

Farwest argues paying an award of attorneys' fee would be an extreme hardship because Farwest is bankrupt and David J Leonard PLC has already lost over $500,000 by prosecuting this action. (Doc. 98 at 5, 7.) David J Leonard PLC, however, asserts it is not a "poverty case." (*Id.* at 7.) Considering Farwest's bankruptcy, this factor slightly favors an award of attorneys' fees.

### D.   Extent of Victory and Difficulty of the Case

Secura prevailed at summary judgment. (*See* Doc. 90 at 16.) At Oral Argument on September 15, 2022, the parties agreed that the coverage issues decided at summary judgment would resolve all claims in this case and the companion case. In addition to this full victory, the coverage issues here were not particularly novel or difficult. These factors weigh in favor of granting attorneys' fees.

### E.   Whether an Award Would Discourage Litigation

Farwest argues it litigated a tenable claim while attempting to minimize cost and thus awarding Secura anything near its requested fees would intimidate other insureds from litigating reasonable coverage disputes. (Doc. 98 at 9.) Secura contends an award of attorneys' fees will discourage only unmeritorious litigation. (Doc. 93 at 5.) Provided an

award of attorneys' fee is not too exorbitant, the award may encourage other plaintiffs to thoroughly consider their claims before filing them, promoting judicial efficiency. *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1097 (Ariz. Ct. App. 2007). This factor favors an award of attorneys' fees.

### F. Reasonableness

Courts consider the reasonableness of the hourly rate and hours expended when analyzing whether attorneys' fees are reasonable. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931–32 (Ariz. Ct. App. 1983). In litigation between fee-paying clients, the rate lawyers charge their clients is the best indication of what is reasonable under the circumstances. *Id.* The prevailing party is generally entitled to recover reasonable attorneys' fees for each item of service that would have been undertaken by a prudent lawyer to advance his client's interest. *Id.* at 932. After a party establishes entitlement to fees, the party opposing the fee award has the burden of establishing the unreasonableness of the requested fees. *Assyia v. State Farm Mut. Auto. Ins. Co.*, 273 P.3d 668, 675 (Ariz. Ct. App. 2012).

Farwest argues that some of the hours Secura billed were unnecessary, inadequately documented, or excessive. (Doc. 98 at 14.) The specific billing entries challenged on these grounds have been highlighted by Farwest. (*See id.*) These highlights, however, are difficult to decipher. Although Farwest includes a four-color key to pair highlight colors with specific objections, Farwest used six different colors to highlight disputed entries. (*Compare* Doc. 98 at 14, *with* Doc. 98-1 at 65–102.) Farwest's conclusory arguments that certain hours were unnecessary, inadequately documented, or excessive also fail to explain why a prudent lawyer would not undertake the challenged tasks. *See Schweiger*, 673 P.2d at 932. Farwest did include brief examples of some of the challenged entries. (*See* Doc. 98 at 13–15.) Without identifying specific tasks or billing entries, Farwest argues that Secura's billing of clerical work was unnecessary; Secura's "team 'style'" of lawyering led to excessive billing; and "numerous vague entries . . . fail to provide adequate detail to show their relevance." (*Id.*) Farwest's examples, even when read with the highlighted entries,

fail to prove unreasonableness.

Next, Farwest challenges billing entries redacted by Secura, contending they make it "impossible" for Farwest to deal with Secura's fee request. (Doc. 98 at 12.) This argument is unpersuasive. Farwest fails to present substantive and clear objections to Secura's unredacted billing entries and provides no reason why its objections to the redacted entries would be any different.

Farwest also argues that much of Secura's attorneys' fees would have been "totally unnecessary if Secura had accepted Farwest's early proposal to streamline the case." (Doc. 98 at 11.) As discussed above, Secura spent several months litigating the case management plan, opposing Farwest's streamlining efforts, and conducting fact discovery on issues resolved at summary judgment by interpreting an insurance policy. During this time, Secura incurred half of its requested fee.[3] The parties, at Secura's insistence, spent an inordinate and unreasonable amount of time litigating the case management plan and conducting discovery. In light of this and the above factors, the Court will reduce the fees by one third. *See Warner*, 694 P.2d at 1184 (the trial court has broad discretion in considering factors relevant to the determination of a fee award); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are . . . unnecessary."); *Schweiger*, 673 P.2d at 932 ("If a particular task takes an attorney an inordinate amount of time, the losing party ought not be required to pay for that time.").

### G.   Non-Taxable Costs under A.R.S. § 12-341

Farwest does not dispute Secura's request for non-taxable costs in the amount of $1,070.38. The Court will therefore grant Secura's request for non-taxable costs.

//

//

---

[3] About ten months passed from the first scheduling conference in April 2021 to the parties' eventual agreement to suspend discovery in February 2022. Secura's billing records indicate it incurred $46,412 in attorneys' fees from April 8, 2021, to January 31, 2022. (*See* Doc. 93-2 at 21–46.) $46,412 ÷ $93,373.50 (Secura's requested fee) = .50.

- 6 -

## IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Secura's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 93) is **granted in part and denied in part**. Secura is awarded $62,280.12 in attorneys' fees and $1,070.38 in non-taxable expenses against Farwest.[4]

Dated this 25th day of May, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

[4] $93,373.50 × .667 = $62,280.12.